IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JERRY DEAN CARTER,<br><br>               Plaintiff,<br><br>   vs.<br><br>ROBERT ISSAC CURTIS,<br><br>               Defendant. | CIV. NO. 18-00179 JMS-RLP<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

## ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND

### I. INTRODUCTION

On May 16, 2018, pro se Plaintiff Jerry Dean Carter ("Plaintiff") filed a Complaint against Defendant Robert Issac Curtis ("Defendant") asserting federal criminal and civil rights claims. ECF No. 1. Plaintiff also filed an Application to Proceed in forma pauperis ("IFP Application"). ECF No. 2. Based on the following, the court GRANTS the IFP Application and DISMISSES the Complaint without leave to amend.

///

///

///

## II. DISCUSSION

A. **Plaintiff's IFP Application is Granted**

Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed without prepayment of fees. Therefore, the court GRANTS Plaintiff's IFP Application.

B. **Plaintiff's Complaint is Dismissed Without Leave to Amend**

   *1. The Complaint*

The Complaint alleges that Defendant was appointed by the Hawaii District Court of the Third Circuit, Hilo Division, as Plaintiff's defense counsel in connection with a state misdemeanor charge. Compl. at PageID #6, ECF No. 1. During their initial meeting in a Burger King restaurant, Defendant allegedly pointed his finger at Plaintiff and loudly stated that Plaintiff should "do as he says." *Id.* at PageID #6-8. Plaintiff then told Defendant "don't you point your finger at me." *Id.* at PageID #8. Defendant determined that he would not represent Plaintiff and abruptly left the restaurant. *Id.* at PageID #8-9. Once in court, Defendant stated that he could not represent Plaintiff because they have a "conflict of interest." *Id.* at PageID #9. When Plaintiff objected, Defendant "blurt[ed] out . . . 'he said I am the 3rd lawyer.'" *Id.* The Complaint alleges that the "exact legal" reason Defendant refused to represent Plaintiff is that Plaintiff told

Defendant not to point his finger at Plaintiff, and therefore, Defendant "reported false information" to the court. *Id.* at PageID #9. The Complaint further alleges that by stating he was Plaintiff's third lawyer, Defendant improperly divulged privileged information. *Id.*

Plaintiff filed the instant Complaint asserting claims for violations of Plaintiff's civil rights guaranteed by the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution, and asserting criminal claims pursuant to 18 U.S.C. §§ 1001(a)(1) and (2) for providing false information and promoting a hoax. *Id.* at PageID #2, 10-12. The Complaint seeks a determination that Defendant is guilty of all charges and allegations, and damages of $5 million. *Id.* at PageID #3, 12.[1]

## 2. *Standards of Review*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

---

[1] Plaintiff also filed two nearly identical complaints against other formerly appointed counsel in the same underlying state criminal action. *See Carter v. Zamber*, Civ. No. 18-00176 JMS-KSC (D. Haw. May 15, 2018); *Carter v. Van Leer*, Civ. No. 18-00178 HG-RLP (D. Haw. May 16, 2018).

2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

### 3. *Application of Standards to the Complaint*

#### a. *The Complaint Fails to State a § 1983 Claim*

Although the Complaint alleges that Defendant violated numerous amendments to the Constitution, the amendments themselves do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001). Rather, the method for vindicating federal rights conferred by Constitutional amendments is through 42 U.S.C. § 1983. *Albright v. Oliver*, 510

U.S. 266, 271 (1994) (plurality). That is, a plaintiff may bring an action pursuant to § 1983 for "the deprivation of any rights, privileges, or immunities secured by the Constitution" against a person acting "under color of any statute, ordinance, regulation, custom or usage, of any State[.]" 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that the defendant acted under color of state law; and (2) that the defendant caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

Under well-settled law, when public defenders or court-appointed counsel are acting in the role of advocate, they are not acting under color of state law for purposes of § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[A]ssigned counsel ordinarily is not considered at state actor."); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark Cty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal of § 1983 claim and explaining that even assuming the public defender provided inadequate representation, because he had "assumed his role as

counsel and . . . had begun to perform 'a lawyer's traditional functions,' . . . he was not a state actor").[2]

Plaintiff's claims against Defendant all arise from Defendant's role as Plaintiff's court-appointed counsel in connection with a state criminal action. Although the Complaint alleges that Defendant did not act in Plaintiff's favor, Defendant was engaged in a lawyer's traditional functions — an initial meeting with his client after being appointed by the court, and appearing for a court hearing in the underlying state criminal action against Plaintiff. Thus, Defendant was not acting under color of state law. Plaintiff's § 1983 claims for Constitutional violations are DISMISSED for failure to state a claim. And because amendment would be futile, Plaintiff's § 1983 claims are dismissed without leave to amend.

    b.    *No Civil Cause of Action for Alleged Violation of 18 U.S.C. § 1001*

Plaintiff alleges that Defendant violated federal criminal statute 18 U.S.C. §§ 1001(a)(1) and (2). But "federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." *Sulla v. Horowitz*, 2012 WL

---

[2] Although not applicable here, there are narrow exceptions to this rule. For example, a public defender or court-appointed counsel *may* be a state actor "'when making hiring and firing decisions on behalf of the State,' and 'while performing certain administrative and possibly investigative functions.'" *Brillon*, 556 U.S. at 91 n.7 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "a criminal defendant's exercise of a peremptory challenge constitutes state action for purposes of the Equal Protection Clause." *McCollum*, 505 U.S. at 50.

4758163, at *3 (D. Haw. Oct. 4, 2012); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). That is, "no private cause of action exists for violations of 18 U.S.C. [§] 1001." *Loa v. Congressional Rules & Regulation Comm. Governing Native Am. Funding*, 2017 WL 3821777, at *3 (D. Haw. Aug. 31, 2017); *see, e.g.*, *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) ("Accordingly, we affirm the dismissal of Lee's claim under 18 U.S.C. § 1001 because the statute does not create a private cause of action."). Thus, Plaintiff's criminal claims are DISMISSED for failure to state a claim. And because amendment would be futile, they are dismissed without leave to amend.

///

///

///

///

///

///

///

///

## III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is GRANTED, and his Complaint is DISMISSED for failure to state a claim and without leave to amend. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 24, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Carter v. Curtis*, Civ. No. 18-00179 JMS-RLP, Order (1) Granting Application to Proceed In Forma Pauperis, and (2) Dismissing Complaint Without Leave to Amend